FRANK HOWELL v. THE STATE.

No. 22665. Delivered December 15, 1943.

The opinion states the case.

*Nolen L. Sewell,* of Decatur, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Upon his plea of guilty to the offense of possessing whisky for the purpose of sale, appellant was, by a jury, convicted, and his punishment was assessed at nine months in the county jail.

Appellant, testifying as a witness in his own behalf, appealed to the jury for a light punishment, asserting that, if the jury would grant his request, he would not again be guilty of violating the law; that, had he known that his case would be called for trial at the time it was called, he could and would have had witnesses present who could and would have attested his good reputation and character; that he had only a few hours' notice that his case would be called for trial.

All this testimony on the part of the appellant was admitted without objection by the State. However, to rebut appellant's testimony, and especially that part relative to previous notice of the day of trial, the county judge before whom the case was being tried testified: "that he had just talked to Brink Poore of Bridgeport, Texas over the telephone long distance and that Brink Poore told him in such conversation that he had informed the defendant that his case was set for trial a week before the date same was tried, and that what the defendant said about not being informed it was set was not true."

Appellant objected to this testimony for the reason, among others, that same was hearsay. That the testimony was hearsay is not debatable.

We note also that the bill of exception presenting this matter certifies that the county judge, in giving this testimony, was not sworn as a witness. A judge presiding at a trial may testify as a witness in the case; but, to be eligible to do so, he must be sworn as any other witness. Valentine v. State, 6 Tex. App. 439; 44 Tex. Jur. 1077.

For the errors pointed out, the judgment is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.